**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5573-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCUS MARTIN,

    Defendant-Respondent.

_____

        Submitted August 7, 2018 — Decided August 13, 2018

        Before Judges Sabatino and Mayer.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Indictment No.
        13-05-0677.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Karen A. Lodeserto, Designated
        Counsel, on the brief).

        Dennis Calo, Acting Bergen County Prosecutor,
        attorney for respondent (Justin Blasi, Special
        Deputy Attorney General/Acting Assistant
        Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Marcus Martin, who pled guilty in 2014 to a second-
degree "certain persons" weapons offense, appeals from the trial
court's December 12, 2016 order denying his petition for post-

conviction relief ("PCR") without an evidentiary hearing. We affirm.

The record shows defendant accidently shot himself in the leg with his own handgun while standing in the driveway of his home. He was rushed to the hospital by a friend and had emergency surgery to repair an injured artery. Another friend hid the gun in the basement of defendant's home. Police investigating the incident obtained the written consent of defendant's wife to search the home and her vehicle. The search uncovered a stolen .45 caliber handgun in the basement.

The State charged defendant in a five-count indictment with various weapons offenses and the receipt of stolen property. Following negotiations, defendant entered into a plea agreement with the State, agreeing to plead guilty to count five, the second-degree "certain persons" not to possess weapons charge, N.J.S.A. 2C:39-7(b). The State agreed in turn to dismiss the remaining counts of the indictment and to recommend a five-year custodial sentence with a five-year parole ineligibility period consistent with the Graves Act, N.J.S.A. 2C:43-6(c).

In January 2015, the court sentenced defendant to a five-year term with the five-year mandatory parole disqualifier. The remaining counts of the indictment were dismissed. Defendant appealed his sentence, which we affirmed by order on June 1, 2015.

In October 2015, defendant filed the instant PCR petition. He asserted his trial counsel was ineffective in failing to file a motion to dismiss the indictment. After hearing oral argument, Judge Margaret M. Foti denied the petition, issuing a detailed eleven-page written opinion.

On appeal, defendant raises the following point in his brief:

> DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING BECAUSE PLEA COUNSEL ALLOWED DEFENDANT TO PLEAD GUILTY TO A CRIME FOR WHICH HE DID NOT HAVE THE REQUISITE UNDERLYING CONVICTIONS.

We reject his arguments, substantially for the sound reasons articulated in Judge Foti's written decision. We amplify that conclusion with a few comments.

Under the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Ibid.; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the specific context of claims of ineffectiveness of plea counsel, a defendant must demonstrate a "reasonable probability" that the result would have been different if his counsel had acted differently. Lafler v. Cooper, 566 U.S. 156, 163 (2012).

Defendant first contends that his prior conviction in South Carolina did not constitute an eligible predicate offense to support the "certain persons" charge. The record reflects defendant initially received a suspended sentence in South Carolina of a charge of possession of a controlled dangerous substance ("CDS") with intent to distribute it, provided defendant complied with the requirements of probation. Defendant violated, however, the probationary requirements under the South Carolina plea agreement, and consequently was sentenced on the original charge for possession of CDS with intent to distribute. S.C. Code Ann. §44-53-370 (2018).

Like South Carolina, New Jersey comparably prohibits the possession of CDS with intent to distribute. N.J.S.A. 2C:35-5. Our CDS statute is one of the enumerated predicate offenses under the certain persons statute. N.J.S.A. 2C:39-7(b). There is no logical or legal reason to treat the South Carolina CDS offense any differently.

During the plea colloquy in this case, defendant admitted he was guilty of possession of CDS with intent to distribute in the South Carolina matter. According to the express terms of defendant's presentence criminal history report, defendant was convicted of a felony according to the South Carolina Code of Laws, namely possession of CDS with intent to distribute, and was thus prohibited from possessing a gun under the certain persons statute. Defendant did not dispute any of the offenses listed in that report. Hence, there was sufficient documentary evidence to support the trial court's determination that defendant was sentenced in South Carolina for the predicate offense of possession of CDS with intent to distribute.

Defendant unambiguously pled guilty to the certain persons offense. The court was satisfied that the plea was voluntary, and that there was an ample factual basis for his guilty plea. We agree. There is no basis for PCR on this issue.

As a separate claim of ineffectiveness, defendant contends his trial counsel was ineffective by not filing a motion to suppress evidence of the gun. Judge Foti rightly concluded such a motion would not have been meritorious, given that defendant's wife had provided written consent to search their home. The consent form advised defendant's wife of her right to refuse to

consent and stated that, by signing the form, her consent was given freely and voluntarily, without fear, threat, or coercion.

It would have been eminently reasonable for trial counsel to refrain from filing a motion to suppress, in light of the signed consent form, and the possibility that both the filing of such a motion may have caused the State to withdraw the plea offer. Moreover, as Judge Foti aptly found, even if the wife's consent were not deemed valid, the gun nevertheless was likely to have been recovered by the police. There was ample probable cause to have obtained a search warrant for the home, considering the report of defendant's self-inflicted gunshot wound and the statements of himself and others connecting him to the firearm. Hence, the gun would have been admissible, even without a consensual search, under the doctrine of inevitable discovery. See State v. Johnson, 120 N.J. 263, 289 (1990).

For these reasons, the trial court rightly concluded that defendant failed to present a prima facie case that his former counsel was unconstitutionally ineffective. Consequently, there was no need for an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992). Defendant's further contentions lack sufficient merit to warrant dismissal. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5573-16T1